# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

United States of America,

        Plaintiff,

v.

KEVIN HSIEH,

        Defendant.

No. 18-20754

Hon. Victoria Roberts

**Offenses:**
Count 3: Coercion and Enticement of a Minor 18 U.S.C. § 2422(b)

**Maximum Penalties:**
Count 3: 10 years up to life imprisonment

**Maximum Fines:**
Count 3: $250,000

**Maximum Supervised Release:**
Count 3: 5 years – up to life

---

## Rule 11 Plea Agreement

---

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, Defendant Kevin Hsieh and the government agree as follows:

1.   **Guilty Plea**

   A.   **Count of Conviction**

   Defendant will enter a plea of guilty to Count 3 of the Indictment, which charges: enticement of a minor, in violation of 18 U.S.C. § 2422(b).

   B.   **Elements of Offense**

The elements of Count 3—enticement of a minor—are:

   1.   The Defendant knowingly used a facility of interstate commerce to induce or entice an individual under the age of 18 to engage in sexual activity;

   2.   The Defendant believed that such individual was under the age of 18; and

   3.   The Defendant could have been charged with a criminal offense for engaging in the specified sexual activity.

### C. Factual Basis for Guilty Plea

*The following facts are a sufficient and accurate basis for Defendant's guilty plea:*

Starting in or around 2011, MV-1 (DOB: February 1997) and Hsieh started talking on MySpace, a social media Internet application. MV-1 and Hsieh met multiple times from 2011 to December of 2014. Hsieh engaged in sexual intercourse with her on numerous occasions. During this same time period, on more than one occasion, Hsieh encouraged MV-1 to send him nude photographs of her vagina. MV-1 sent him several such photographs. The photographs were requested and sent using a facility of interstate commerce; i.e. the Internet. Hsieh also took pictures and videos of MV-1's vagina, of himself penetrating her vagina, and of him having MV-1 perform oral sex on him.

## 2. Sentencing Guidelines

### A. Standard of Proof

The Court will find sentencing factors by a preponderance of the evidence.

**B.  Agreed Guideline Range**

There are no sentencing guideline disputes. Except as provided below, the parties recommend that Defendant's guideline range is **life imprisonment**, as set forth on the attached worksheets. Defendant's advisory sentencing guideline range is life imprisonment, based on a total offense level of 43 and a criminal history category of I.

If the Court finds:

a)  that Defendant's criminal history category is higher than reflected on the attached worksheets, or

b)  that the offense level should be higher because, after pleading guilty, Defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense(s); or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than **life imprisonment**, the higher guideline range becomes the agreed upon

range. But if the Court finds that Defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does not authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections 1) and 2), above.

### C. Relevant Conduct

The relevant conduct in this case includes, but is not limited to, all the counts in the Indictment.

## 3. Sentence

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

### A. Imprisonment

The Court **must** impose a sentence of imprisonment on Count Three of **at least ten years**. Pursuant to Federal Rule of Criminal Procedure

11(c)(1)(C), the parties agree that the sentence of imprisonment in this case may not exceed 50 years' imprisonment. The Western District of Michigan U.S. Attorney's Office have agreed not to bring charges against Hsieh relating to his production of child pornography of MV-1 in exchange for his guilty plea in this case. If Hsieh withdraws his plea for any reason or later challenges it, then this agreement would not bar the Western District from bringing charges. Similarly, the detectives in Novi who investigated this case have agreed not to bring state charges against Hsieh related to Hsieh's conduct towards MV-1 from 2012 to 2018 in exchange for his guilty plea in this case. If Hsieh withdraws his plea for any reason or later challenges it, then this agreement would not bar Novi from bringing charges.

## B. Supervised Release

A term of supervised release follows the term of imprisonment. There is no agreement as to the term of supervised release. But the Court must impose a term of supervised release on Count 3 of no less than five years. The agreement concerning imprisonment described above in

Paragraph 3A does not apply to any term of imprisonment that result from any later revocation of supervised release.

### C.   Special Assessment

Pursuant to the Justice for Victims of Trafficking Act of 2015, Defendant will pay a special assessment of $100 and an additional assessment of **$5,000.00**. *See* 18 U.S.C. § 3014.

### D.   Fine

There is no agreement as to fines.

### E.   Restitution

Restitution is mandatory in this case.   The Court shall order restitution to every identifiable victim of Defendant's offense.   18 U.S.C. § 2259.   The Defendant agrees that MV-1 is an identifiable victim of the offense.   Defendant agrees to pay restitution in the amount of $75,000 to MV-1.   MV-1 still maintains a right to request a larger amount of restitution from the Court, but Defendant agrees to pay a minimum of $75,000.

4.    **SORNA/Adam Walsh Act**

Defendant understands that by pleading guilty in this case, he will be required to register as a sex offender, under both federal and state registration requirements. As a condition of his release from prison on supervised release in this case, Defendant will be obligated to promptly register under the federal sex offender registry. Defendant may also be required to register under the law of the state in which he resides, as well as any state where he has significant contacts (including any state where he resides, works, attends school or otherwise has significant contacts). Defendant further understands that he will be required to maintain and update his registration for at least twenty years, and potentially for the rest of his life.

5.    **Collateral Consequences of Conviction**

Defendant understands that his conviction here may carry additional consequences under federal and state law, including the potential loss of the right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. Defendant further understands that, if he is not a native-born

citizen of the United States, there may be adverse immigration consequences resulting from conviction. These include possible removal from the United States, denial of citizenship, denaturalization, denied admission to the United States in the future and other possible consequences. Defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of defendant's conviction on any of these matters. Defendant nevertheless affirms that he chooses to plead guilty regardless of any immigration consequences or other collateral consequences of his conviction.

**6.    Padilla Waiver**

Defendant acknowledges that he is not a citizen of the United States, and that his guilty plea in this case may affect or even foreclose his eligibility to remain in this country following the imposition of sentence herein. Defendant has discussed these matters with his attorney in this case, but he expressly agrees that his decision to plead guilty is in no way conditioned upon or affected by the advice he has been given regarding any potential immigration consequences of his conviction. Defendant further agrees that because his decision to plead guilty in this

case is wholly independent of the immigration consequences of a conviction, defendant agrees that he will not seek to challenge his guilty plea in any later proceeding via collateral attack on any basis relating to the immigration consequences of his plea.

## 7. Forfeiture

As part of this agreement, pursuant to 18 U.S.C. § 2253(a)(3) and/or 18 U.S.C. § 2428, Defendant agrees to forfeit his interest in the following property:

1. Any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, or 2252, 2252A, 2252B, or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of these subsections;

2. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained as a result of violations of Title 18, United States Code, Sections 2252A(a)(2) and/or 2422(b); and

3. Any property, real or personal, involved in the commission of violations of Title 18, United States Code, Sections 2252A(a)(2) and/or 2422(b).

In entering into this agreement with respect to forfeiture, Defendant expressly waives his right to have a jury determine the forfeitability of his

interest in the above-described property as provided by Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.

In entering into this agreement with respect to forfeiture, Defendant knowingly, voluntarily, and intelligently waives any challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

Defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of the above-described assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

## 8.    Use of Withdrawn Guilty Plea

If the Court allows the Defendant to withdraw his guilty plea for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B), Defendant

waives his rights under Fed. R. Evid. 410, and the government may use his guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against him in any proceeding.

## 9.    Other Charges

If the Court accepts this agreement, the government will dismiss any remaining charges in this case.

## 10.    Each Party's Right to Withdraw from This Agreement

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B. Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than 50 years. This is the only reason for which Defendant may withdraw from this agreement. The Court shall advise Defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Part 3.

## 11.   Appeal Waiver

The Defendant waives any right he may have to appeal his conviction. If the Defendant's sentence does not exceed 50 years, the Defendant also waives any right he may have to appeal his sentence.

If the sentence imposed is within the guideline range as determined by Paragraph 2B, the government agrees not to appeal the sentence, but retains its right to appeal any sentence below that range. Nothing in this waiver shall be construed to bar a claim of ineffective assistance of counsel, provided that the Defendant properly raises such claim by collateral review under 28 U.S.C. Section 2255.

## 12.   Consequences of Withdrawal of Guilty Plea or Vacation of Conviction

If Defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against Defendant within six months after the date the order vacating

Defendant's conviction or allowing him to withdraw his guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached worksheets, Defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## 13.   Parties to Plea Agreement

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 14.   Scope of Plea Agreement

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made

by the government to Defendant or to the attorney for the Defendant at any time before Defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if Defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against Defendant, or any forfeiture claim against any property, by the United States or any other party.

## 15.    Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by **4:00 p.m.** on **August 21, 2019**. The government reserves the right to modify or revoke this offer at any time before Defendant pleads guilty.


Matthew Schneider
United States Attorney

_____          _____
Matthew Roth,                                      April N. Russo,
Chief, Major Crimes Unit                 Assistant United States Attorney

Date: August 16, 2019

By signing below, Defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer.

_____          _____
Bryan Sunisloe                                    Kevin Hsieh,
Attorney for Kevin Hsieh                  Defendant

Date: _____

## WORKSHEET A

# OFFENSE LEVEL

Defendant **Kevin Hsieh**                    District/Office **Eastern District of Michigan**

Docket Number **18-20754**

Count Number(s) **3**                    U.S. Code Title & Section **18** : USC **2422(b)** ;      :

*Guidelines Manual* Edition Used: 20**16** (*Note:* The Worksheets are keyed to the November 1, 2016 *Guidelines Manual*)

### INSTRUCTIONS

Complete a separate Worksheet A for each count of conviction or as required in a situation listed at the bottom of Worksheet B.*
*Exceptions:* Use only a single Worksheet A where the offense level for a group of closely related counts is based primarily on aggregate value or quantity (*see* §3D1.2(d)) or where a count of conspiracy, solicitation, or attempt is grouped with a substantive count that was the sole object of the conspiracy, solicitation, or attempt (*see* §3D1.2(a) & (b)).

### 1. Offense Level (*See* Chapter Two)

Enter the applicable base offense level and any specific offense characteristics from Chapter Two and explain the bases for these determinations. Enter the sum in the box provided.

| Guideline | Description | Level |
|---|---|---|
| §2G2.1 | Production of child pornography (cross reference 2G1.3) | 32 |
| §2G2.1(b)(1) | Victim was between the ages of 12 and 16 | 2 |
| §2G2.1(b)(2)(a) | Sexual act | 2 |
| §2G2.1(b)(4) | sadomasochistic conduct | 4 |
| §2G2.1(b)(6) | use of a computer and/or misrepresentation of identity | 2 |

If the Chapter Two guideline requires application of a cross reference or other reference, an additional Worksheet A may be needed for that analysis. *See* §1B1.5.                    Sum **42**

### 2. Victim-Related Adjustments (*See* Chapter Three, Part A)

Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If no adjustment is applicable, enter "0".                    §_____

### 3. Role in the Offense Adjustments (*See* Chapter Three, Part B)

Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If the adjustment reduces the offense level, enter a minus (–) sign in front of the adjustment. If no adjustment is applicable, enter "0".                    §_____

### 4. Obstruction Adjustments (*See* Chapter Three, Part C)

Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If no adjustment is applicable, enter "0".                    §_____

### 5. Adjusted Offense Level

Enter the sum of Items 1–4. If this Worksheet A does not cover all counts of conviction or situations listed at the bottom of Worksheet B, complete Worksheet B. Otherwise, enter this result on Worksheet D, Item 1.                    **42**

---

☑ Check here if **all** counts (*including* situations listed at the bottom of Worksheet B)* are addressed on this one Worksheet A. If so, no Worksheet B is used.

☑ If the defendant has no criminal history, enter "I" here and on Worksheet D, Item 4. No Worksheet C is used.

## WORKSHEET C

# CRIMINAL HISTORY

## [Page 1 of 2]

Defendant _Kevin Hsieh_____   Docket Number _____

> Note: As an aid, some of the basic criminal history "rules" are listed below. However, there are numerous additional criminal history rules at §§4A1.1 and 4A1.2 that must be used with Worksheet C and for correct application.

**Enter the Earliest Date of the Defendant's Relevant Conduct** _2011-June 2015_____
(The date of *the defendant's commencement of the instant offense*(s))

### 1. Prior Sentences Resulting from Offenses Committed Prior to the Defendant's 18th Birthday

(a) **3 Points** if convicted as an ***adult***, for each prior sentence of imprisonment ***exceeding one year and one month*** imposed within 15 years of the defendant's earliest date of relevant conduct or resulting in incarceration during any part of that 15-year period. *See* §§4A1.1(a) and 4A1.2(d)(1) & (e)(1).

(b) **2 Points** for each prior ***adult or juvenile sentence*** of confinement of ***at least 60 days*** not counted under §4A1.1(a) imposed within 5 years or from which the defendant was released from confinement within 5 years of the defendant's earliest date of relevant conduct. *See* §§4A1.1(b) and 4A1.2(d)(2)(A).

(c) **1 Point** for each prior ***adult or juvenile sentence*** not counted under §4A1.1(a) or §4A1.1(b) imposed within 5 years of the defendant's earliest date of relevant conduct. *See* §§4A1.1(c) and 4A1.2(d)(2)(B).

Note: Identify as "**adult**" any sentence exceeding one year and one month that resulted from an adult conviction.
A **release date** is required in only two instances: (1) when a sentence covered under §4A1.1(a) was imposed more than 15 years prior to *the defendant's earliest date of relevant conduct* but resulted in the defendant being incarcerated during any part of such 15-year period; or (2) when a sentence counted under §4A1.1(b) was imposed more than 5 years prior to *the defendant's earliest date of relevant conduct*, but release from confinement occurred within such 5-year period.

| Date of Imposition | Offense | Sentence | Release Date | Guideline Section | Criminal History Points |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

### 2. Prior Sentences Resulting from Offenses Committed On or After the Defendant's 18th Birthday

(a) **3 Points** for each prior sentence of imprisonment ***exceeding one year and one month*** imposed within 15 years of the defendant's earliest date of relevant conduct or resulting in incarceration during any part of that 15-year period. *See* §§4A1.1(a) and 4A1.2(e)(1).

(b) **2 Points** for each prior sentence of imprisonment of ***at least 60 days*** not counted under §4A1.1(a) imposed within 10 years of the defendant's earliest date of relevant conduct. *See* §§4A1.1(b) and 4A1.2(e)(2).

(c) **1 Point** for each prior sentence not counted under §4A1.1(a) or §4A1.1(b) imposed within 10 years of the defendant's earliest date of relevant conduct. *See* §§4A1.1(c) and 4A1.2(e)(2).

Note: A **release date** is required when a sentence covered under §4A1.1(a) was imposed more than 15 years prior to *the defendant's earliest date of relevant conduct* but resulted in the defendant being incarcerated during any part of such 15-year period.

| Date of Imposition | Offense | Sentence | Release Date | Guideline Section | Criminal History Points |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

# Worksheet C — Criminal History [Page 2 of 2]

Defendant _Kevin Hsieh_____     Docket Number _18-20754_____

(continued from *Sentences Resulting from Offenses Committed On or After the Defendant's 18th Birthday*)

| Date of Imposition | Offense | Sentence | Release Date | Guideline Section | Criminal History Points |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**3.  Sum of Criminal History Points for prior sentences under §4A1.1(a), (b), & (c) in Items 1 & 2**

A total of 4 points can be added for all the 1-Point sentences counted in Items 1 & 2 combined.

**4.  "Status" of Defendant at Time of Instant Offense**

**2 Points** for "status" if the defendant committed any part of the instant offense (*i.e.*, any relevant conduct) while under any criminal justice sentence (*e.g.*, probation, parole, supervised release, imprisonment, work release, or escape status) for a sentence counted in Items 1 or 2. *See* §4A1.1(d) and Application Note 4. List the type of control and identify the counted sentence that resulted in the control. Otherwise, enter **0 Points**.

_____

**5.  Crimes of Violence**

**1 Point** for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under §4A1.1(a), (b), or (c) because such sentence was counted as a single sentence which also included another sentence resulting from a conviction for a crime of violence. A total of 3 points can be added under this subsection. *See* §4A1.1(e) and Application Note 5, and §4A1.2(a)(2) & (p). Identify the crimes of violence and briefly explain why the cases are considered a single sentence. Otherwise, enter **0 Points**.

_____

**4.  Total Criminal History Points** (Sum of Items 3–5)   | 0 |

**5.  Criminal History Category** (Enter here and on Worksheet D, Item 4)   | I |

| Total Points | Criminal History Category |
|---|---|
| 0–1 | I |
| 2–3 | II |
| 4–6 | III |
| 7–9 | IV |
| 10–12 | V |
| 13 or more | VI |

## WORKSHEET D
# DETERMINING THE SENTENCE
## [Page 1 of 4]

Defendant  Kevin Hsieh                    Docket Number  18-20754

---

**1.  Adjusted Offense Level** (From Worksheet A or B)

If Worksheet B is required, enter the result from Worksheet B, Item 9. Otherwise, enter the result from Worksheet A, Item 5.

42

**2.  Acceptance of Responsibility** (See Chapter Three, Part E)

Enter the applicable reduction of **2** or **3** levels. If no adjustment is applicable, enter "0".

– 3

**3.  Offense Level Total** (Item 1 less Item 2)

39

**4.  Criminal History Category** (From Worksheet A or C)

Enter the result from Worksheet C, Item 8, unless the defendant has no criminal history, and as directed at the bottom of Worksheet A, no Worksheet C is used and "I" is entered here.

I

**5.  Terrorism; Career Offender; Criminal Livelihood; Armed Career Criminal; Repeat and Dangerous Sex Offender** (See Chapter Three, Part A, and Chapter Four, Part B)

   **a.  Offense Level Total**

If the provision for Career Offender (§4B1.1), Criminal Livelihood (§4B1.3), Armed Career Criminal (§4B1.4), or Repeat and Dangerous Sex Offender (§4B1.5) results in an offense level total higher than Item 3, enter the offense level total. Otherwise, enter "N/A".

44

   **b.  Criminal History Category**

If the provision for Terrorism (§3A1.4), Career Offender (§4B1.1), Armed Career Criminal (§4B1.4), or Repeat and Dangerous Sex Offender (§4B1.5) results in a criminal history category higher than Item 4, enter the applicable criminal history category.  Otherwise, enter "N/A".

**6.  Guideline Range from Sentencing Table**

Enter the applicable guideline range from Chapter Five, Part A, in months.

Life     to

**7.  Restricted Guideline Range** (See Chapter Five, Part G)

If the statutorily authorized maximum sentence or the statutorily required minimum sentence restricts the guideline range (Item 6) (*see* §§5G1.1 and 5G1.2), enter either the restricted guideline range or any statutory maximum or minimum penalty that would modify the guideline range. Otherwise, enter "N/A".

to

☐   Check here if §5C1.2 (Limitation on Applicability of Statutory Minimum Penalties in Certain Cases) and 18 U.S.C. § 3553(e) – "The Safety Valve" – are applicable.

**8.  Undischarged Term of Imprisonment; Anticipated State Term of Imprisonment** (See §5G1.3)

☐   If the defendant is subject to an undischarged term of imprisonment, or an anticipated state term of imprisonment, check this box. Below list the undischarged/anticipated term(s), the applicable section of §5G1.3 and its direction or guidance as to whether the instant federal sentence is to be imposed to run concurrently or consecutively to the undischarged/anticipated term(s), and any sentence adjustment.

---

# Worksheet D — Determining the Sentence [Page 2 of 4]

Defendant **Kevin Hsieh**                                      Docket Number **18-20754**

## 9.   Sentencing Options (See Chapter Five, Sentencing Table and §§5B1.1(a) and 5C1.1)

Check the applicable box that corresponds to the Guideline Range entered in Item 6 or Item 7, if applicable.

**Zone A** (See §§5B1.1(a)(1) & 5C1.1(a) & (b))

☐   If checked, the following options are available:

- Fine (See §§5C1.1(b) & 5E1.2(a))
- "Straight" Probation (See §§5B1.1(a)(1) & 5C1.1(b))
- Imprisonment (See §5C1.1(a) & (c)(1))

**Zone B** (See §§5B1.1(a)(2) & 5C1.1(a) & (c))

☐   If checked, *the minimum term may be satisfied by*:

- Imprisonment (See §5C1.1(a) & (c)(2))
- Imprisonment of *at least one month plus supervised release* with a condition that substitutes community confinement or home detention for imprisonment (See §5C1.1(c)(2))
- Probation with a condition that substitutes intermittent confinement, community confinement, or home detention for imprisonment (See §§5B1.1(a)(2) and 5C1.1(c)(3))

**Zone C** (See §5C1.1(a) & (d))

☐   If checked, *the minimum term may be satisfied by*:

- Imprisonment (See §5C1.1(a) & (d)(1))
- Imprisonment of *at least one-half of the minimum term plus supervised release* with a condition that substitutes community confinement or home detention for imprisonment (See §5C1.1(d)(2))

**Zone D** (See §5C1.1(a) & (f))

☑   If checked, *the minimum term is to be satisfied by* a sentence of imprisonment

## 10.  Length of Term of Probation (See §5B1.2)

If probation is imposed, the guideline for the length of such term of probation is: (Check the applicable box)

☐   At least one year, but not more than five years if the offense level total is 6 or greater.

☐   No more than three years if the offense level total is 5 or less.

# Worksheet D — Determining the Sentence [Page 3 of 4]

Defendant **Kevin Hsieh**                              Docket Number **18-20754**

## 11. Supervised Release (See §§5D1.1 and 5D1.2)

**a. Imposition of a Term of Supervised Release:**

[✓] Ordered because required by statute (See §5D1.1(a)(1)).

[ ] Ordered because a sentence of imprisonment of more than one year is imposed (See §5D1.1(a)(2)).

[ ] Is **not** ordered although a sentence of more than one year is imposed, because it is not required by statute **and** the defendant likely will be deported after imprisonment (See §5D1.1(c)).

[ ] Ordered because it may be ordered in any other case (See §5D1.1(b)).

**b. Length of Term of Supervised Release**

Check the Class of the Offense:

[ ] Class A or B Felony: Two to Five Year Term (See §5D1.2(a)(1))

[ ] Class C or D Felony: One to Three Year Term (See §5D1.2(a)(2))

[ ] Class E Felony or Class A Misdemeanor: One Year Term (See §5D1.2(a)(3))

[✓] If a statutorily required mandatory minimum term of supervised release for the offense impacts the guideline range for the applicable Class of Offense above, also check this box, and list the statutory minimum term (See §5D1.2(c)):
     **5** years mandatory minimum term of supervised release

[ ] If an offense in 18 U.S.C. § 2332b(g)(5)(B) that resulted in, or created a foreseeable risk of, death or serious bodily injury to another person; or if a sex offense, the term of supervised release will not be less than the minimum term established above, and may be up to life (See §5D1.2(b)).

Policy Statement: If a sex offense, the *statutory maximum term* of supervised release is recommended.

## 12. Restitution (See §5E1.1)

**a.** If restitution is applicable, enter the amount. Otherwise enter "N/A" and the reason:
**TBD**

**b.** Enter whether restitution is statutorily mandatory or discretionary:
**Mandatory**

**c.** Enter whether restitution is by an order of restitution, or **solely** as a condition of supervision. Enter the authorizing statute:
**Order of restitution**

# Worksheet D — Determining the Sentence [Page 4 of 4]

Defendant __Kevin Hsieh__                           Docket Number __18-20754__

## 13. Fines (The Guideline Range for Fines for Individual Defendants) (See § 5E1.2)

|  |  | Minimum | Maximum |
|---|---|---|---|

**a. Special Fine Provisions**

☐ Check box if any of the counts of conviction is for a statute with a special fine provision. (This *does not* include the general fine provisions of 18 USC § 3571(b)(2) & (d)).

Enter the sum of statutory maximum fines for all such counts.  Maximum: $ 

**b. Fine Table (§5E1.2(c)(3))**
Enter the minimum and maximum fines.   Minimum: $50,000   Maximum: $500,000

**c. Fine Guideline Range**
(Determined by the minimum of the Fine Table (Item 15(b)) and the greater maximum above (Item 15(a) or 15(b))).   Minimum: $   Maximum: $

**d. Ability to Pay**

☐ Check this box if the defendant does not have an ability to pay.

## 14. Special Assessments for Individual Defendants (See § 5E1.3)

Enter the total amount of the statutory special assessments required for all counts of conviction:
- $100 for each felony count of conviction.
- $25 for each Class A misdemeanor count of conviction.
- While not subject to guideline sentencing, the special assessments for a Class B misdemeanor, and a Class C misdemeanor or infraction are $10 and $5 per count, respectively.

**TOTAL:**   $5,000

## 15. Factors That May Warrant a Departure (See § 1B1.1(b))

Consider Chapter Five, Part H (Specific Offender Characteristics) and Part K (Departures), and other policy statements and commentary in the *Guidelines Manual* that might warrant consideration in sentencing. (*See also* the "List of Departure Provisions" included in the *Guidelines Manual* after the Index).

_____
_____
_____
_____

## 16. Factors That May Warrant a Variance (See § 1B1.1(c))

Consider the applicable factors in 18 U.S.C. § 3553(a) taken as a whole.

_____
_____
_____
_____

Completed by __April N. Russo__                           Date __8/16/2019__