UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 18-20754
    Honorable Victoria A. Roberts

KEVIN KUO-CHUN HSIEH,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S AMENDED MOTION
FOR REVOCATION OF DETENTION ORDER [ECF No. 44]**

**I.    INTRODUCTION**

Defendant Kevin Kuo-Chun Hsieh's motion for revocation of detention order [ECF No. 43] and amended motion for revocation of detention order [ECF No. 44] are before the Court. A hearing is unnecessary.

The amended motion supersedes the original motion; the original motion [ECF No. 43] is **MOOT**.

Hsieh's amended motion [ECF No. 44] is **DENIED**.

**II.    BACKGROUND**

On October 26, 2018, Hsieh was charged in a criminal complaint with: (1) production of child pornography, 18 U.S.C. § 2251(a); (2) coercion and enticement of a minor, 18 U.S.C. §§ 2, 2422(b); (3) receipt of child

pornography, 18 U.S.C. § 2252A(a)(2); (4) possession of child pornography, 18 U.S.C. § 2252A(a)(5)(B); and (5) sending threatening communications in interstate commerce, 18 U.S.C. § 875(d). An indictment charging Hsieh with those offenses was issued on November 8, 2018.

Hsieh appeared for a detention hearing before Magistrate Judge Mona K. Majzoub on October 31, 2018. After argument from the government and defense counsel, Magistrate Judge Majzoub ordered Hsieh detained pending trial upon finding that: (1) a presumption in favor of detention existed pursuant to 18 U.S.C. § 3142(e)(3); and (2) Hsieh did not rebut or overcome that presumption. In the Order of Detention, Magistrate Judge Majzoub held that there is no condition or combination of conditions that would reasonably assure the safety of the community and Hsieh's appearance:

> Pretrial Services interviewed the Defendant and concluded that he poses a risk of flight and a danger to the community and recommends detention. This Court agrees that there is clear and convincing evidence that Defendant poses a danger to the community (Defendant's admission of his sexual relationship with a minor, the dozens of child pornography images produced on his cell phone, his production of child pornography involving MV-1, his violent history, his rape of MV-1 and threats to expose her, and the fact that he constantly over the years has surrounded himself with children). Defendant also poses a risk of flight by a preponderance of the evidence based upon his relatively recent continuum of travel to almost a dozen countries, and his residence in six different states. There is no condition o[r] combination of conditions that would assure the

2

safety of the community or Defendant's appearance. The presumption of detention has not been rebutted. Detention is Ordered.

[ECF No. 9, PageID.20].

On November 13, 2018, Hsieh filed a motion for revocation of detention order.  This Court denied the motion during a hearing on November 27, 2018.  Hsieh moved for reconsideration of the denial; the Court denied his motion for reconsideration, noting that "no condition or combination of conditions will reasonably assure Defendant's appearance and the safety of the community."  [ECF No. 30, PageID.129].

On September 3, 2019, Hsieh pled guilty to enticement of a minor, an offense carrying a 10-year mandatory minimum sentence of imprisonment and a maximum of life.  The parties agree that the guideline range is life imprisonment, and they also agree – pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) – that the sentence of imprisonment may not exceed 50 years.  The Court has not yet sentenced Hsieh.

On April 1, 2020, Hsieh moved for revocation of the detention order. The government responded, and Hsieh filed a reply.

III.   **ANALYSIS**

Because Hsieh has been convicted of, but is awaiting sentencing for, an offense described in 18 U.S.C. § 3142(f)(1)(B) – i.e., an offense for

3

which the maximum sentence is life imprisonment – Section 3143(a)(2) applies. See 18 U.S.C. § 3143(a)(2); § 3142(f)(1)(B).

Under § 3143(a)(2), the Court must order Hsieh detained pending sentencing unless: (1) the Court "finds there is a substantial likelihood that a motion for acquittal or new trial will be granted" or "an attorney for the Government has recommended that no sentence of imprisonment be imposed on [Hsieh]"; and (2) the Court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." See 18 U.S.C. § 3143(a)(2).

Although § 3143(a)(2) provides the applicable standard, Hsieh does not address this statute or the standard in his motion. Rather, Hsieh merely says that he is "not an unreasonable risk of danger[] or . . . a flight risk." He contends that the following conditions of release will assure his appearance and protect the community: home confinement with GPS monitoring; computer access limited to his attorney's office; contact restricted to his family members and attorney; and surrender of his passport and travel documents.

In his reply brief, Hsieh mentions § 3143(a)(2) but he still does not address the relevant standard. He merely states: "In reference to the Government's reliance on Section 3143(a)(2), Defendant maintains that

there are exceptional reasons why detention would not be appropriate; accordingly, Defendant maintains that he is not likely to flee, or pose a danger to the safety of any other person or the community." [ECF No. 47, PageID.351].

Because Hsieh does not address the first prong of the standard under § 3142(a)(2) – i.e., the requirement that either the Court "finds there is a substantial likelihood that a motion for acquittal or new trial will be granted" or "an attorney for the Government has recommended that no sentence of imprisonment be imposed on [Hsieh] – his motion fails and he is not entitled to relief.

Moreover, even if Hsieh did address and establish the first prong of the standard, the Court would not revoke the detention order because Hsieh falls *far short* of establishing – under the second prong of § 3142(a)(2) – by clear and convincing evidence that he is not likely to flee or pose a danger to any other person or the community if released.  Hsieh presents no new material evidence or argument on this point.  Based on the same considerations stated by the Court in denying Hsieh's motion for revocation of detention on November 27, 2018, the Court finds that no condition or combination of conditions will reasonably assure Hsieh's appearance and the safety of the community.

Finally, contrary to Hsieh's argument, he is not entitled to revocation of the detention order due to exceptional reasons under 18 U.S.C. § 1345(c). Section § 1345(c) allows the Court to order the release of a "person subject to detention pursuant to section 3143(a)(2)" – like Hsieh – if: (1) the person "meets the conditions of release set forth in section 3143(a)(1)" – i.e., there is clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released; and (2) the person clearly shows "that there are exceptional reasons why [his or her] detention would not be appropriate." *See* 18 U.S.C. § 1345(c) ("A person subject to detention pursuant to section 3143(a)(2) . . ., and who meets the conditions of release set forth in section 3143(a)(1). . ., may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."); § 1343(a)(1) (requiring detention "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released").

Hsieh says "exceptional reasons" exist for why his detention is not appropriate; those reasons include the Coronavirus pandemic, the

6

increased risk of the spread of COVID-19 in jails, and him being in a high-risk category due to high blood pressure and heart problems.

While the Court acknowledges that the Coronavirus pandemic could form the basis of an exceptional reason why detention is not appropriate in certain circumstances, it is unnecessary to consider that question here, because Hsieh does not satisfy the requirements under § 1345. Particularly, as discussed above, Hsieh fails to show by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released. *See* 18 U.S.C. § 1345; § 1343(a)(1).

## IV.  CONCLUSION

Hsieh's amended motion for revocation of detention order [ECF No. 44] is **DENIED**.

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  April 15, 2020